**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

| | |
|---|---|
| 1285 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10019-6064<br>TELEPHONE (212) 373-3000<br><br>LLOYD K. GARRISON  (1946-1991)<br>RANDOLPH E. PAUL  (1946-1956)<br>SIMON H. RIFKIND  (1950-1995)<br>LOUIS S. WEISS  (1927-1950)<br>JOHN F. WHARTON  (1927-1977) | UNIT 5201, FORTUNE FINANCIAL CENTER<br>5 DONGSANHUAN ZHONGLU<br>CHAOYANG DISTRICT, BEIJING 100020, CHINA<br>TELEPHONE (86-10) 5828-6300<br><br>HONG KONG CLUB BUILDING, 12TH FLOOR<br>3A CHATER ROAD, CENTRAL<br>HONG KONG<br>TELEPHONE (852) 2846-0300<br><br>ALDER CASTLE<br>10 NOBLE STREET<br>LONDON EC2V 7JU, UNITED KINGDOM<br>TELEPHONE (44 20) 7367 1600<br><br>FUKOKU SEIMEI BUILDING<br>2-2 UCHISAIWAICHO 2-CHOME<br>CHIYODA-KU, TOKYO 100-0011, JAPAN<br>TELEPHONE (81-3) 3597-8101<br><br>TORONTO-DOMINION CENTRE<br>77 KING STREET WEST, SUITE 3100<br>P.O. BOX 226<br>TORONTO, ONTARIO M5K 1J3<br>TELEPHONE (416) 504-0520<br><br>2001 K STREET, NW<br>WASHINGTON, DC  20006-1047<br>TELEPHONE (202) 223-7300<br><br>500 DELAWARE AVENUE, SUITE 200<br>POST OFFICE BOX 32<br>WILMINGTON, DE 19899-0032<br>TELEPHONE (302) 655-4410 |

WRITER'S DIRECT DIAL NUMBER
(212) 373-3089

WRITER'S DIRECT FACSIMILE
(212) 492-0089

WRITER'S DIRECT E-MAIL ADDRESS
twells@paulweiss.com

[Partner roster omitted]

*NOT ADMITTED TO THE NEW YORK BAR

September 4, 2020

**VIA E-FILING**

Honorable Steven C. Mannion
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, P.O. Box 999
Newark, NJ 07101

      RE:  *In re Exxon Mobil Corp. Derivative Litigation*,
            Consol. Civil Action No. 2:19-cv-16380-ES-SCM

Dear Magistrate Judge Mannion:

      We write on behalf of all parties in the above-referenced consolidated derivative action. Pursuant to Your Honor's July 22, 2020 Order, the parties submit this joint letter outlining the issues to be discussed during our telephone conference on September 14, 2020 at 3:30 p.m.

      In this action, the parties are awaiting a decision on the motion to transfer venue or, alternatively, to stay proceedings in favor of actions pending in the U.S. District Court for the Northern District of Texas filed by nominal defendant Exxon Mobil Corporation ("ExxonMobil") and the individual defendants (D.E. 55), on which this Court reserved decision following the July 22, 2020 oral argument. (*See* D.E. 61.)

      The parties also would like to apprise the Court of certain developments in related actions pending in the Northern District of Texas since July 22. Recently, another shareholder derivative action related to this consolidated action was filed in the Northern

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Steven C. Mannion                                                                                             2

District of Texas.  *See Walkover* v. *Woods*, No. 3:20-cv-02302-K (N.D. Tex.).  On August 25, that action was transferred to Judge Kinkeade, who is presiding over the other related Texas actions.  By order dated September 1, that action was consolidated with the Texas consolidated derivative action (*In re Exxon Mobil Corp. Derivative Litigation*, No. 3:19-cv-01067-K (N.D. Tex.)).

In addition, in the Texas consolidated derivative action, the court has a motion pending before it to dismiss (in accordance with N.J.S.A. 14A:3-6.5) as well as a pending motion by the plaintiff in Texas for leave to seek discovery.  The Texas plaintiff seeks certain discovery beyond an investigation report created for ExxonMobil's Board of Directors that has been reviewed by lead plaintiffs in this action and incorporated into the operative complaint here.  The Texas plaintiff's deadline to respond to the motion to dismiss has been stayed pending resolution of the discovery motion.  ExxonMobil and the individual defendants' opposition to the discovery motion is due September 8, and the Texas plaintiff's reply is currently due September 22.

Finally, lead plaintiffs in this action have informed ExxonMobil and the individual defendants that they intend to file a motion to intervene in the Texas consolidated derivative action for the limited purpose of objecting to ExxonMobil's and the individual defendants' motion to dismiss the derivative claims with prejudice.  Lead Plaintiffs are moving to intervene because they say a dismissal with prejudice of the Texas action presents the possibility of collateral estoppel with respect to lead plaintiffs' claims here.

Respectfully submitted,

/s/ *Theodore V. Wells, Jr.*

Theodore V. Wells, Jr.

cc:      Counsel of Record