UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| IN RE EXXON MOBIL CORPORATION DERIVATIVE LITIGATION | Civil Action No. 2:19-CV-16380-ES-SCM<br><br>**OPINION AND ORDER**<br><br>**ON TRANSFER TO THE NORTHERN DISTRICT OF TEXAS**<br><br>[D.E. 55, 57, 58] |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before this Court is a motion to transfer venue by nominal defendant, Exxon Mobil Corporation ("Exxon"), members of Exxon's Board of Directors ("Board"), and certain Exxon executive officers ("Executives") (collectively, "Exxon Defendants")[1]. The Honorable Esther Salas, U.S.D.J., referred the motion to the undersigned for disposition in accordance with Local Civil Rule 72.1(a)(1). Oral argument was held on July 22, 2020. Upon consideration of the parties' arguments and submissions and for the reasons set forth herein, the motion to transfer venue is **GRANTED**.

---

[1] (ECF Docket Entry ("D.E.") 55, Defs.' Mot. to Transfer, 2). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

1

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

On August 06, 2019, this derivative complaint was brought by Plaintiff, Saratoga Advantage Trust Energy & Basic Materials Portfolio ("Saratoga"), for the benefit of nominal defendant, Exxon, against certain members of its Board and certain of its Executives.[3] The complaint alleges breach of fiduciary duty, waste of corporate assets, unjust enrichment, and violations of Sections 10(b), 21D, and 29(b) of the Securities Exchange Act of 1934 ("the Exchange Act"). Saratoga bases these allegations on personal knowledge and on an analysis of SEC filings, press releases, and other publicly available information.[4]

Saratoga alleges that, from 2014 to 2017, in an attempt to preserve Exxon's AAA credit rating, Exxon's directors made public statements that understated certain risks to the business and overstated the quality and profitability of its assets.[5] For example, Saratoga asserts that Exxon misrepresented the estimated costs of greenhouse gas regulations it was using in its business decisions and did not appropriately project future costs of carbon and greenhouse gas.[6]

On August 6, 2019, Saratoga filed this case in the District of New Jersey.[7] Three years earlier, on November 7, 2016, a related federal securities action was filed in the Northern District

---

[2] The allegations set forth within the pleadings and motion record are relied upon for the purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 1, Pls.' Compl.).

[4] *Id*.

[5] *Id*. at 6, ¶7; (D.E. 55-1, Mot. to Transfer, Sec. A).

[6] (D.E. 53, Am. Compl., at ¶239).

[7] (D.E. 1, Pls.' Compl., at ¶17).

of Texas with similar allegations.[8] On May 2, 2019, two additional shareholder derivative actions were filed in the same district, based on substantially the same disclosures and allegations, and were quickly consolidated.[9] The parties report that another shareholder derivative action related to the consolidated action was also recently filed in the Northern District of Texas.[10] This leaves two related actions (together, the "Texas Cases") that are now pending in the Northern District of Texas and predate the current action.[11]

On April 27, 2020, Exxon moved to either transfer this action to the Northern District of Texas, or stay it until the Texas Cases are resolved.[12] On May 18, 2020, Saratoga filed a motion in opposition, arguing that transfer is not warranted.[13] Exxon filed a reply brief on May 26, 2020.[14]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[15] This District has specified that magistrate judges may determine any non-dispositive pre-

---

[8] *Ramirez v. Exxon Mobil Corp.*, 334 F. Supp. 3d 832, 839-41 (N.D. Tex. 2018).

[9] (D.E. 55-1, Mot. to Transfer, at 13-4); *Von Colditz v. Woods*, No. 3:19-cv-01067-K (N.D. Tex.); *Montini v. Woods*, No. 3:19-cv-01068-K (N.D. Tex.).

[10] (D.E. 63, Joint Agenda Letter); *see Walkover v. Woods*, No. 3:20-cv-02302-K (N.D. Tex.).

[11] (D.E. 55-1, Mot. to Transfer, at 11-2; 14-6).

[12] *Id*. at 6-7.

[13] (D.E. 57, Pls.' Opp'n, at 7).

[14] (D.E. 58, Defs.' Reply Mem.).

[15] 29 U.S.C. § 636(b)(1)(A).

trial motion.[16] Motions to transfer are non-dispositive.[17] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[18]

## III. DISCUSSION AND ANALYSIS

The Exxon Defendants argue that this case should be transferred because it raises substantially identical legal and factual issues as the Texas Cases. They argue that it involves the same parties as the Texas Cases, and that the Northern District of Texas has the greatest connection to the parties and conduct in all of these actions.[19] They argue that transfer is necessary under both the Third Circuit's first-to-file rule and the *Jumara* test.[20]

Saratoga argues that the case should not be transferred. It contends that jurisdiction and venue are proper in the District of New Jersey because a substantial portion of the transactions and alleged misconduct occurred in New Jersey and Exxon has received substantial compensation by engaging in numerous activities that had an effect in this District.[21] Further, it argues that transfer

---

[16] L. Civ. R. 72.1(a)(1).

[17] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3rd Cir. 1998) (internal citations omitted).

[18] 28 U.S.C. § 636(b)(1)(A).

[19] (D.E. 58, Defs.' Reply Mem., at 5).

[20] (D.E. 55-1, Mot. to Transfer, at 13-23) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).

[21] (D.E. 55-1, Mot. to Transfer, at 19).

4

would be inappropriate because the first-filed rule would be inequitable and because the *Jumara* factors weigh against transfer. [22]

### A. First-to-File Rule

The first-to-file rule provides "that [i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."[23] The first-to-file rule "is a policy of comity which counsel[s] trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal district courts."[24] It "encourages sound judicial administration and promotes comity among federal courts of equal rank."[25] The rule also "applies where actions are truly duplicative such that a determination in one action leaves little or nothing to be determined in the other action."[26] "However the issues and parties need not be identical."[27]

"The first-to-file rule permits a court to dismiss, stay, or transfer the later-filed action."[28] In deciding whether to transfer pursuant to the first-to-file rule, a court must consider the same factors applicable to a motion to transfer under 28 U.S.C. § 1404(a). "If the factors balance in

---

[22] (D.E. 57, Pls.' Opp'n).

[23] *Wheaton Industries, Inc. v. Aalto Scientific, Ltd.*, No. 12-6965, 2013 WL 4500321, at *2 (D.N.J. Aug. 21, 2013) (internal citations and quotations omitted).

[24] *Allianz Life Ins. Co. of N. Am. v. Estate of Bleich*, No. 08-668, 2008 WL 4852683, at *1 (D.N.J. Nov. 7, 2008)(SDW) (quoting *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971-2 (3d. Cir. 1988) (internal quotations omitted)).

[25] *E.E.O.C.*, 850 F.2d at 971-2.

[26] *Wheaton*, 2013 WL 4500321, at *2 (internal citations and quotations omitted).

[27] *Id*.

[28] *Id*.

favor of the first-to-file rule, then a court may properly…transfer the second-filed action to avoid duplicative litigation under its 'inherent powers.'"[29]

Here, this Court and the Northern District of Texas appear to have concurrent jurisdiction over nearly identical cases, but one of the cases in Texas was filed three years before the New Jersey action. Saratoga claims they only filed this suit after the Texas Cases because they were avoiding an "unseemly race to the courthouse."[30] However, this case is not like the one Saratoga relies on. The "unseemly race to the courthouse" in *E.E.O.C. v. University of Pennsylvania* involved a first filed suit that was intended to circumvent local law and preempt a subpoena enforcement action.[31] Nothing so unseemly is present in this case.

While Saratoga is correct to point out that the first-filed rule "is not a rigid or inflexible rule to be mechanically applied,"[32] it does not allege any of the recognized exceptions to the rule, such as bad faith, forum shopping, or an under-developed first-filed action.[33] Instead, Saratoga argues against transfer because (i) their amended Complaint alleges refusal of litigation demands; (ii) they claim to have a greater interest in the outcome of the derivative litigation because they hold more ExxonMobil stock than the Texas derivative plaintiffs; and (iii) New Jersey legal issues

---

[29] *Id*.

[30] (D.E. 57, Pls.' Opp'n, at 9).

[31] *E.E.O.C.*, 850 F.2d at 978.

[32] (D.E. 57, Pls.' Opp'n, at 15).

[33] *E.E.O.C.*, 850 F.2d at 976-7.

should be resolved by this Court.[34] These are not the "exceptional circumstances" required to negate the first-to-file rule.[35]

Hence, the rule allows that this action may be transferred to the Northern District of Texas if the public and private interests weigh in favor of such transfer.

### B. Transfer of Venue Under *Jumara* and 28 U.S.C. § 1404(a)

This Court finds that the case should be transferred to the Northern District of Texas based on a weighing of the public and private interests involved. Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[36] The burden of establishing that the transfer is appropriate and that the alternative forum is more convenient lies with the movant.[37] Courts must follow a two-pronged analysis when considering § 1404(a): (1) whether the proposed forum is one in which plaintiff could have originally brought suit, and (2) whether transfer would be in the interest of justice and for the convenience of parties and witnesses.[38]

---

[34] (D.E. 57, Pls.' Opp'n, at 15-6).

[35] 850 F.2d at 979.

[36] 28 U.S.C. § 1404(a).

[37] *Jumara*, 55 F.3d at 879.

[38] *Frato v. Swing Staging, Inc.*, Civil Action No. 10-5198 (ES-CLW), 2011 WL 3625064, at *2 (D.N.J. Aug. 17, 2011).

First, this Court must decide whether venue would be proper in the proposed transferee district.[39] Here, the Northern District of Texas has proper jurisdiction over this action because many of the defendants reside and do business in Texas and many of the alleged violations took place in Texas.[40]

Second, the Court must determine whether transfer would be in the "interest of justice and for the convenience of parties and witnesses."[41] Under *Jumara*, courts do this by considering the public and private interests protected by the language of § 1404(a).[42]

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.[43]

---

[39] *Id* at *3.

[40] *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 646-9 (D.N.J. 2004) (finding venue proper in lawsuit alleging violation of the Securities Exchange Act, citing 15 U.S.C. § 78aa).

[41] *Frato*, 2011 WL 3625064, at *2.

[42] *Jumara*, 55 F.3d at 885.

[43] *Id*. at 879-90.

### 1. Private Interests Support Transfer

This Court finds that it is in the overall interest of the parties to transfer to the Northern District of Texas. Although Saratoga chose to bring this action in the District of New Jersey, "the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district."[44]  While ExxonMobil is incorporated under the laws of New Jersey, its principle place of business is in Irving, Texas, as are many of its Executives.[45] And the Exxon Defendants' preference, as evidenced by the present motion to transfer, is clearly to proceed in Texas.

Further, there is no indication that any relevant party or non-party witnesses would be unavailable in the Northern District of Texas, and, while the majority of the books and records are likely to be electronic, any hardcopy documents are more likely to be found in Texas, not New Jersey.  There is no indication that any of them could not be produced in Texas.

### 2. Public Interest Factors Support Transfer

The public interest factors also greatly weigh in favor of transfer to the Northern District of Texas.  It is in the best interest of judicial economy to try both cases in the same district, since cases being tried against ExxonMobil in Texas are nearly identical to this one, and duplicitous actions cause unnecessary court congestion and incur undue administrative cost.  The cases in Texas are already underway, so it would be far more efficient for this case to join the others.

---

[44] *Allianz Life Ins. Co. of North America v. Estate of Bleich*, 2008 WL 4852683 *4 (D.N.J. Nov. 7, 2008) (internal citations omitted).

[45] (D.E. 53, Am. Compl., at ¶29).

Transfer also favors "local interest[s] in deciding local controversies at home"[46] because the matter is local to Texas and many of the defendants are residents.

"The public policies of the fora"[47] weigh towards transfer because "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey."[48]

Finally, the district court in Texas is already familiar with the applicable law as they are currently involved in the nearly identical suits, as well as numerous other suits against large oil companies. Overall, the public factors weigh towards transfer.

Since both public and private factors weigh towards transfer, and the first-filed rule allows it, the Court **GRANTS** the Exxon Defendant's motion to transfer venue to the Northern District of Texas.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that on balance, the *Jumara* factors favor transfer. The Court finds that transfer to the Northern District of Texas is appropriate in the interests of justice.

An appropriate order follows.

---

[46] *Jumara*, 55 F.3d at 879-80.

[47] *Id*.

[48] *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 526 (D.N.J. 1998).

## **ORDER**

**IT IS** on this Tuesday, September 15, 2020,

**ORDERED** that the Clerk of the Court shall transfer this action to the Northern District of Texas.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/15/2020 9:48:54 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties